FILED

OCT 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH DUANE ARLINE, Jr., | No. 11-18050 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-01097-LJO-GBC |
| v. | |
| KEN CLARK, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Keith Duane Arline, Jr., a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendant violated his Eighth Amendment rights in connection with the denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

outdoor exercise. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment, *Jones v. Bianas*, 393 F.3d 918, 926 (9th Cir. 2004), and for an abuse of discretion the district court's evidentiary rulings, *United States v. W.R. Grace*, 504 F.3d 745, 759 (9th Cir. 2007). We affirm.

The district court properly granted summary judgment on Arline's Eighth Amendment claim because Arline failed to raise a genuine dispute of material fact as to whether defendant acted with deliberate indifference when he imposed a modified program, in response to a security breach, that temporarily restricted inmates' access to outdoor exercise. *See Hayward v. Procunier*, 629 F.2d 599, 603 (9th Cir. 1980) (temporary deprivation of outdoor exercise in response to genuine emergency did not violate Eighth Amendment); *see also Norwood v. Vance*, 591 F.3d 1062, 1068-70 (9th Cir. 2010) (prison officials entitled to qualified immunity on denial of outdoor exercise claim because a reasonable officer could have believed that restricting outdoor exercise during prison security lockdown was constitutional).

The district court did not abuse its discretion in refusing to consider those statements in Arline's declaration that were not within his personal knowledge. *See* Fed. R. Civ. P. 56(c) ("An affidavit or declaration used to support or oppose a

11-18050

motion must be made on personal knowledge . . . and show that the affiant or declarant is competent to testify on the matters stated.").

**AFFIRMED.**